# AULTMAN & TAYLOR MACHINERY COMPANY v. RUNCK et al.

(137 N. W. 831.)

**Principal and agent — contract — liability.**

1. Plaintiff and defendants entered into a contract in writing whereby defendants were constituted the agents of plaintiff for the sale of machinery manu-

factured and handled by it, in certain territory in this state. The contract fixed the prices at which the machinery was to be furnished defendants, the terms on which it might be sold by them, how commissions should be paid to them, and contained a provision that defendants should not deliver or use any machinery covered by the contract until a regular order should be taken on one of the plaintiff's blank orders, nor until fully settled for by the purchaser, in cash or by notes, and that in case defendants should deliver any such machinery to any customer or other person before taking a written order therefrom or before such machinery should be fully paid for by cash or notes, the defendants would pay to said plaintiff on demand, the net list price of such machinery, and waive all claims under the contract of warranty by plaintiff on any machinery so delivered without settlement.

Such agency contract also provided that when any traveling agent or employee of the plaintiff should in any way render any assistance to the defendants in making sales, or otherwise, he should be considered solely the agent or employee of the defendants, and no act of such agent or employee should in any way bind plaintiff. The evidence received is without conflict in any material respect, and shows that one Lake, traveling agent of the plaintiff, with the consent and advice of defendants, made a special price to a third party on certain machinery included in such agency contract, for the purpose of introducing it in defendants' territory. Defendants completed negotiations for the sale thereof, and obtained the signature of the purchasers to the order. The machinery was shipped to defendants, accompanied by a draft on the purchaser, attached to the bill of lading. It was to be a cash sale. Defendants delivered such machinery without settlement of any kind. *Held:* that the facts bring the sale within the terms of the agency contract recited, and render defendants liable, as a matter of law, for the price of such machinery, and that by delivering the same without settlement they waived any claim for breach of warranty, and that the trial court erred in submitting the question as to who made the sale, to the jury.

**Facts relating to contract.**

2. For other facts relating to the contract and bearing upon this decision, see opinion.

Opinion filed September 23, 1912.

Appeal by plaintiff from a judgment of the District Court for Barnes County, *Burke,* J., in defendants' favor in an action brought to recover the price of certain machinery sold and delivered by defendants in violation of an agency contract between them and plaintiff.

Reversed.

*Turner & Murphy,* for appellant.

Had plaintiff sent experts to visit said machine in response to notice

sent it by defendant or by the purchasers it would not and could not be charged with waiving any of the terms of the two contracts, it at such times being in ignorance of the facts. Fahey v. Esterley Mach. Co. 3 N. D. 220, 44 Am. St. Rep. 554, 55 N. W. 580; J. I. Case Threshing Mach. Co. v. Ebbighausen, 11 N. D. 466, 92 N. W. 826.

*Page & Englert,* for respondents.

Lake was an agent of more than ordinary or special authority, and he would undoubtedly have the authority to waive a provision in a contract which would be for the company's benefit. First Nat. Bank v. Dutcher, 128 Iowa, 413, 1 L.R.A.(N.S.) 142, 104 N. W. 497.

The company ratified whatever he did in seeking to take the benefits of the special sale by drawing upon the purchasers, through the bank and directing the said bank to make the collection. Westby v. J. I. Case Threshing Mach. Co. 21 N. D. 575, 132 N. W. 137.

When the question as to who made the sale or who the parties are to the contract in controversy, the same is a question for the jury. 35 Cyc. 44, note 91; Burkhalter v. Farmer, 5 Kan. 477; Dousman v. Peters, 85 Mich. 488, 48 N. W. 697; Loranger v. Foley, 79 Mich. 244, 44 N. W. 781; Oothaut v. Leahy, 23 Wis. 114; Dickinson v. Buskie, 59 Wis. 136, 17 N. W. 685; Bridgeman v. Hallberg, 52 Minn. 376, 54 N. W. 752; Walker v. Moors, 125 Mass. 352.

If the company acts upon such notice as it receives, it thereby waives the strict requirements of the notice provided for in the written contract. Advance Thresher Co. v. Vinekel, 84 Neb. 429, 121 N. W. 433; Reeves & Co. v. Younglove, 148 Iowa, 699, 127 N. W. 1019; West-Brooke v. Reeves & Co. 133 Iowa, 655, 111 N. W. 11; First Nat. Bank v. Dutcher, 128 Iowa, 413, 1 L.R.A.(N.S.) 142, 104 N. W. 497.

SPALDING, Ch. J.  The complaint in this case, aside from the formal parts, alleges that on the 29th day of March, 1909, plaintiff and defendants entered into a contract whereby plaintiff appointed defendants its sales agents to sell machinery manufactured by it, in the territory of Cathay and vicinity during the year 1909; that plaintiff agreed to furnish defendants machinery at prices agreed upon, and that they agreed upon a certain rate of commission for the sale of different kind of machinery, which rates were set forth in their agreement; that defendants

agreed to canvass said territory for the sale of plaintiff's goods, and that it would sell said goods upon the written contracts and warranties provided by plaintiff, and not otherwise; it was further agreed in such contract that defendants would not deliver to any purchaser, or use, any machinery belonging to plaintiff or manufactured by it, covered by such contract, until a regular order, upon blanks furnished by plaintiff, was taken, and until it was fully settled for by the purchaser by cash or by notes, as provided for in such contract, and upon the terms and conditions of said written order; and that they specifically contracted that in the event of their so delivering any of plaintiff's property covered by said contract of agency to any purchaser without settlement as set forth, in such event defendants would, without notice, pay to the plaintiff the amount of the list price for any goods so delivered without settlement, upon demand of plaintiff; that, if deliveries were made without settlement, defendant should pay interest on the list price; and, further, that they waived all claims under the warranty by plaintiff on such machinery sales and all their claims on any machinery so delivered without settlement.

That on the 26th day of July, 1909, defendants sold to Salthammer and Olsberg a separator, feeder, and band cutter, with blower, weigher, and belt, at the agreed price of $950, to be paid for in cash upon the delivery of said machinery; that the order therefor was transmitted to plaintiff by defendants and accepted by plaintiff, and the machinery called for thereby was duly shipped to defendants at Cathay, North Dakota; that thereafter, in violation of the terms and conditions of said contract and order, defendants delivered said machinery to the purchasers without settlement, to the damage of plaintiff in the sum of $950.

The answer is a general denial and special matter in defense. So far as material it alleges that one Lake, an agent of plaintiff, sold the machinery described, to Salthammer and Olsberg, without the aid or assistance of the defendants and at a price made by plaintiff, without paying or allowing any commission to defendants on such sale, and without paying or offering to pay defendants anything in connection with the sale thereof. It then attempts to allege a breach of warranty and the grounds thereof; and that the purchasers deposited in a bank the purchase price and refused to turn the same over or permit it to be turned over until the machinery was made to do work in accordance with the

warranty, and that purchases had demanded the return of the amount so deposited by them. The only question involved is whether the sale was made by defendants or by the traveling agent or employee, Lake, when the facts are considered with reference to the contract made by the parties. An order for the machinery, executed by Salthammer and Olsberg, was received in evidence, and it was shown that settlement had never been made by defendants with plaintiff, and that the machinery so ordered was shipped to defendants and by them delivered without any settlement being made therefor by the purchasers.

We need not take into consideration any question of warranty or breach of warranty. Lake testified that in 1909 he made the arrangements with defendants to handle the machinery manufactured by the plaintiff. The agency contract was admitted in evidence. He testified that he wrote the order executed by Salthammer and Olsberg, and left it with defendants to get the purchasers' signatures; that defendants procured such signatures and sent the order in; that he tried to get the signatures of the purchasers while he was there, but failed; that Runck asked him to write the order out and leave it with him, which he did, and a few days later it was sent in and the company delivered the machinery to Runck & Company, at Kathryn, and a bill of lading, with sight draft, was sent them to get settlement and send to the company. The machinery was not shipped direct to the purchaser; that he did not know what became of the machinery after it was sent; that it was supposed to be delivered by defendants to the purchasers and settlement taken and sent in to the company; that they never received any settlement; that it was shipped to (and received by) Runck & Company by plaintiff, pursuant to the contract of agency; that after being notified by the company that no settlement had been made, he went there and visited the defendants, who told him that the machinery had been delivered to the signers of the order; that he, on behalf of the company, demanded of defendants a settlement for the machinery in accordance with instructions from plaintiff; that they refused to settle and never delivered a settlement to plaintiff or to him; that he delivered the order to the defendants, but did not take the order from Salthammer and Olsberg; he had seen the purchasers and made them a price agreed upon between him and defendants, which was a net price and made for the benefit of both parties, to introduce the machinery into that territory; that the

price was made with the knowledge and consent of defendants, and the order written by the witness because defendants did not know whether they could prepare one properly; that defendants got the order; that the machinery was shipped to defendants as plaintiff's local agents, by virtue of their agency contract.

One of the defendants was a witness, and was asked who made the purchase of the machinery in controversy. To this question, plaintiff objected on the ground that it is incompetent, irrelevant, and immaterial, for the reason that the evidence showed an agency contract between plaintiff and defendants for the year 1909; and that said contract provided that all goods shipped by the plaintiff to the defendant should be received and kept by them, and only sold upon orders taken upon blanks furnished by the plaintiff; and that when any traveling agent or employee of the plaintiff should in any manner render any assistance to the defendants, either in making a sale or otherwise, he should be considered solely the employe or agent of the defendants; and that no act of such traveling agent or employee should in any way bind the plaintiff; and that said contract further provided that if defendants should deliver any machinery to any customer before it was fully settled for in cash or by notes, as required by the order taken, the defendant should account to plaintiff on demand for the net price of such machinery; that in case defendant should permit any machinery to be so taken or used without being settled for, defendants waived all warranties on the part of plaintiff; and that the contract signed by Salthammer and Olsberg provided for payment for said machinery in cash on its arrival at the station at Kathryn, together with freight charges; and that in case it should be taken and used by the purchasers, without full settlement therefor, as provided by said order, said purchaser waived all warranties, express or implied; and that the evidence in this case shows that the machinery was shipped by the plaintiff to the defendant by reason of receiving such order and under the conditions thereof.

This objection was overruled and an exception reserved, and the witness answered that the purchase was made by Salthammer and Olsberg. Whereupon Runck testified, over the same objection, that Lake was the salesman who really made the sale; that he, Runck, was present part of the time that the deal was being made; that it was made partly on the sidewalk and partly in his (Runck's) office; that the order was not

signed at that time for the reason that it was too early for the crop to be assured, and that the purchasers did not want to buy the machinery in case of a poor crop, and wanted to defer it a week or ten days to see if the crop was assured, and that for that reason it was left unsigned in his office, but that the purchasers later came and signed it.

Olsberg, one of the purchasers, testified, over objection as above stated, that the agreement and price for the machinery was made with Lake; the order was afterwards signed in Runck's office. This is all the evidence that need be considered on this appeal.

When both parties rested, the plaintiff moved for a directed verdict for the amount demanded in the complaint; upon substantially the same grounds stated in his former motion. This motion was overruled, and the question submitted to the jury as to whether the sale was made by Lake or by the defendants, whereupon the jury returned a verdict in favor of the defendants. The plaintiff then moved for judgment notwithstanding the verdict or for a new trial, which motion was denied.

Was the trial court justified in submitting the question of who made the sale, to the jury? We have here a contract in writing, duly executed, wherein the defendants specifically agreed that any assistance rendered by any traveling salesman employed by the plaintiff, in making a sale or otherwise, should render such salesman the employee or agent of the defendants, and any act of such traveling agent or employee should in no way bind the plaintiff. We have as parties a traveling salesman in the employ of the plaintiff, the defendants, local agents of the plaintiff, and parties contemplating the purchase of machinery listed in the contract of agency. We have the combined acts of the traveling agent and the local-agents in attempting to persuade the prospective purchasers to become actual purchasers. We have these acts taking place on the sidewalk and in the defendants' office, and a special price made, with the full knowledge and consent of the defendants, for the mutual benefit of both parties to this action. We have before us the fact that the sale was not completed while the traveling agent was present, for reasons hereinbefore stated, and that it was consummated when the character of the crop was evident, by the defendants securing the purchasers' signature to the contract or order.

We have the shipment of the machinery in exact accordance with the terms of the contract, viz., to the defendants, and not to the purchasers.

We find the draft drawn on the purchasers through the bank, likewise in conformity to the provisions of the contract entered into. This contract, for the protection of both plaintiff and defendants, provided for settlement by cash or notes before the delivery of the machinery to the purchasers, and contained the provision that in case such settlement was not obtained before delivery the agents should become, on demand, indebted to plaintiff for the purchase price, and that defendants should thereby waive all warranties, express or implied, on the subject of the agency. In other words, every step in the progress of the negotiations and sale was covered by the express terms of the contract of agency, which provided what the liability of the agents would be in case such steps were taken. We cannot very well understand how a contract could be entered into more fully and expressly covering the facts of a case than the one here in evidence. Neither can we imagine how the facts could bring the parties more closely within the purview of that part of the contract referred to. True, it is a misfortune to the defendants to have to pay for the machinery which the purchasers did not retain, but courts are not constituted to relieve parties from obligations they may incur by contracts voluntarily and knowingly entered into and violated. Defendants had it in their power to fully protect themselves. The machinery was in their own possession; there was no need of their delivering it without a settlement. The purchasers likewise, under the terms of their contract, had full protection, but they voluntarily waived all warranties contained in that document by taking the machinery without making a settlement. Had the defendants complied with the plain terms of the agreement made with plaintiff, they would have been relieved of all litigation and all questions growing out of any breach of warranty. All such questions would have been subject only to litigation between the purchasers and the plaintiff herein. There is no conflict in the evidence. The questions set out, to which objection was made, clearly called for conclusions, and the objections should have been sustained; but the error was probably without prejudice, as the witnesses later testified to the details of the transaction and brought them within the express terms of the agency contract.

It is strenuously insisted that the fourth paragraph of the agency contract, which contains the provisions regarding commissions to be paid defendants on sales and excepts *special sales,* was intended to ap-

ply to cases like this, and contemplates sales being made by traveling agents in defendants' territory. This is answered by another paragraph of the contract, against defendants' contention.

We find in such contract a division relating to and headed "securities." Under this subject is a subtitle on "special sales," defining them and clearly showing that it has no bearing upon this sale. It need not be set out at length, as its terms are clear and explicit.

Taking the agency and sale contract together, it is obvious that they were intended to protect plaintiff against claims of purchasers who had been permitted to take machinery in violation of their terms, and without payment or liability established or incurred, and who might get the use of the machinery, and, on settlement being demanded, claim a breach of contract by plaintiff.

But laying all considerations of the contracts aside, it is evident that defendants became liable for an additional reason. The undisputed evidence shows that the property in controversy was shipped to Runck & Company, with bill of lading and sight draft attached to insure settlement before delivery. Under this evidence, even had the sale been wholly consummated by Lake, defendants made themselves liable for a delivery without collecting the draft. This would not have rendered the plaintiff liable to defendants for breach of warranty, because they were, in such case, not concerned with any warranty, and the purchasers waived all claims on that subject by taking the machinery without making settlement (per terms of their contract). If defendants made no sale, the purchasers had no claim against them.

It is clear that the motions submitted by plaintiff should have been granted. The judgment is reversed and the trial court is directed to enter judgment in favor of the plaintiff.

Mr. Justice BURKE being disqualified, Honorable Chas. F. TEMPLETON, Judge of the First Judicial District, sat in his place by request.